# IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

STATE OF DELAWARE )
)
)
)
v. ) Case ID No.: 1511011810
)
)
SHAMAR T. STANFORD, )
)
Defendant. )

## SUPPLEMENTAL ORDER

**AND NOW TO WIT,** this 28th day of August, 2017, upon consideration of Defendant Shamar T. Stanford ("Defendant")'s Second Amended Motion for Postconviction Relief,[1] the sentence imposed upon Defendant, and the record in this case, it appears to the Court that:

### *Factual and Procedural Background*

1. On December 12, 2016, Defendant pleaded guilty and was sentenced for charges of Possession of a Firearm by a Person Prohibited ("PFBPP") and misdemeanor Endangering the Welfare of a Child. As to PFBPP, he was sentenced to fifteen years at supervision Level V, suspended after five years for two years at Level III. His period of incarceration is a mandatory sentence pursuant to 11 *Del.*

---

[1] On January 18, 2017, Defendant filed a *pro se* Motion for Postconviction Relief (D.I. #47). On April 10, 2017, Defendant filed his First Amended Motion for Postconviction Relief (D.I. #62). He filed the pending Second Amended Motion for Postconviction Relief on May 17, 2017 (D.I. #65).

C. § 1448(e)(1)(b).[2] As to Endangering the Welfare of a Child, he received one year at Level V, suspended for one year at Level III.

2. On June 7, 2017, this Court issued an Order denying Defendant's Motion for Postconviction Relief and his Motion for Appointment of Counsel.[3] On appeal, the State filed a Motion to Remand,[4] stating that the Court considered the claims Defendant raised in his First Amended Motion for Postconviction Relief, filed on April 10, 2017, rather than his Second Amended Motion for Postconviction Relief, filed on May 17, 2017. The Supreme Court granted the Motion to Remand in order for this Court to consider Defendant's contentions in his Second Amended Motion for Postconviction Relief in the first instance.[5] Accordingly, this is the Court's decision on Defendant's Second Amended Motion for Postconviction Relief ("Second Amended Motion"), supplementing the Court's June 7, 2017 Order addressing Defendant's First Amended Motion for Postconviction Relief.

3. As summarized in the State's Motion to Remand, the amended claims in the Second Amended Motion are as follows: (1) "ineffective assistance of trial

---

[2] 11 *Del. C.* § 1448(e)(1)(b) (2015 & Supp. 2016).

[3] *State v. Stanford*, Crim. I.D. No. 1511011810, D.I. #67 (Del. Super. June 7, 2017) [hereinafter Order].

[4] *Stanford v. State*, No. 277, 2017 (Del. Supr. July 19, 2017) [hereinafter Motion to Remand].

[5] *Stanford v. State*, No. 277, 2017 (Del. Supr. July 25, 2017).

counsel alleging counsel lacked the experience necessary to provide representation in a 'high profile case;' (2) 'vexation' with prior trial counsel who was relieved of his duty to represent Stanford prior to the entry of the plea; (3) a violation of Stanford's Fourth Amendment rights because the police contacted Stanford 'at the threshold of [his] residence' without indications that the officers had safety concerns for the occupants, residents or officers; (4) his plea agreement was entered under duress; (5) Officer Linus committed 'perjury;' and (6) ineffective assistance of trial counsel because counsel 'withheld' photographs of the residence from Stanford."[6] Claims Three and Six of Defendant's Second Amended Motion were addressed in the Court's June 7, 2017 Order.[7] The Court incorporates its ruling as to those claims by reference in this Order.

## *Discussion*

4.  Rule 61 is the exclusive remedy for persons "in custody under a sentence of this court seeking to set aside the judgment of conviction. . . ."[8] This Court "must first consider the procedural requirements of Rule 61 before

---

[6] Motion to Remand at ¶ 5. *See also State v. Stanford*, Crim. I.D. No. 1511011810, D.I. #65 (Del. Super. May 17, 2017) [hereinafter Second Amended Motion].

[7] Motion to Remand at ¶ 6 n.3.

[8] DEL. SUPER. CT. CRIM. R. 61(a). *See, e.g., Warnick v. State*, 158 A.3d 884, 2017 WL 1056130, at *1 & n.5 (Del. Mar. 30, 2017) (TABLE) (citing *Miller v. State*, 157 A.3d 190, 2017 WL 747758 (Del. Feb. 24, 2017) (TABLE)) (denying Rule 35(a) motion attacking sufficiency of evidence in indictment to which defendant pleaded guilty; defendant's "challenge [of] his indictment is outside the scope of Rule 35(a)" and was limited to Rule 61).

addressing any substantive issues."[9]  The procedural "bars" of Rule 61 are: timeliness,[10] repetitiveness,[11] procedural default,[12] and former adjudication.[13]  If any of these bars apply, the movant must show entitlement to relief under Rule 61(i)(5).[14]  The contentions in a Rule 61 motion must be considered on a "claim-by-claim" basis.[15]

## Procedural Bars

5.     As stated above, Claims Three and Six of Defendant's Second Amended Motion were previously addressed in the Court's earlier Order denying Defendant's First Amended Motion.  Therefore, for the reasons stated in the

---

[9] *Bradley v. State*, 135 A.3d 748, 756-57 (Del. 2016) (citing *Younger v. State*, 580 A.2d 552, 554 (Del. 1990)).  *See* Rule 61(i) (setting forth Rule 61's procedural bars).

[10] Rule 61(i)(1).  *See, e.g., Evick v. State*, 158 A.3d 878, 2017 WL 1020456, at *1 (Del. Mar. 15, 2017) (TABLE) (affirming denial of Rule 61 motion as untimely when filed more than two years after conviction became final).

[11] Rule 61(i)(2).  *See, e.g., Walker v. State*, 154 A.3d 1167, 2017 WL 443724, at *1-2 (Del. Jan. 17, 2017) (TABLE) (denying defendant's third postconviction relief motion as repetitive; "Rule 61 provides a limited window for judicial review, especially upon a repetitive motion.").

[12] Rule 61(i)(3).  *See, e.g., Robinson v. State*, 149 A.3d 518, 2016 WL 5957289, at *2 (Del. Oct. 13, 2016) (TABLE) (citation omitted) (interpreting prior version of Rule 61; "Rule 61(i)(3) provided that claims that could have been raised on direct appeal could not be asserted in postconviction relief proceedings.").

[13] Rule 61(i)(4).  *See, e.g., Sykes v. State*, 147 A.3d 201, 216 (Del. 2015) (discussing prior version of Rule 61(i)(4); defendant's Fifth and Sixth Amendment claim, arguing his right of allocution was violated, was formerly adjudicated on direct appeal).

[14] Rule 61(i)(5).  *See, e.g., Evick*, 2017 WL 1020456, at *1 (discussing 2017 version of Rule 61(i)(5); holding untimely Rule 61 motion procedurally barred and defendant did not show entitlement to relief under Rule 61(i)(5)).

[15] *State v. Reyes*, 155 A.3d 331, 342 n.15 (Del. 2017) (citations omitted) ("Rule 61 analysis should proceed claim-by-claim, as indicated by the language of the rule.").

Court's earlier Order, Claims Three and Six of Defendant's Second Amended Motion are denied.[16]

6.      Turning to the remaining claims in the Second Amended Motion, Claim One states a different basis for ineffective assistance of counsel: the inexperience of trial counsel. This claim is not procedurally barred and will be addressed in greater detail on its merits below.

7.      Claim Two, under the caption "vexation/prejudice," states: "At the withdraw of counsel hearing which took place September 28, 2016 Public Defender Joseph Leager was only consented [sic] to resign from case while doing so [sic] Mr. Leager put in for a speedy trail [sic] without consent because defendant wish[ed] to terminate counsel."[17] As vexatious as this sentence is, the gist of the contention is that his former counsel—predating his trial counsel who represented him at the time of his guilty plea—was allowed to withdraw as counsel without first obtaining Defendant's consent to waive his right to speedy trial. This claim is barred under Rule 61(i)(3) as procedurally defaulted because it could have

---

[16] Claim Three of the Second Amended Motion raises the contention stated in both Claims One and Two of Defendant's original Motion for Postconviction Relief, filed on January 18, 2017 (D.I. #47). The Court held that those claims were procedurally barred under Rule 61(i)(3) & (4). Claim Six of the Second Amended Complaint is the same as Claim Three of the original Motion. The Court held that this claim of ineffective assistance of counsel was not procedurally barred; however, the Court held that Defendant failed to meet his burden of proof under *Strickland v. Washington*.

[17] Second Amended Motion at 3.

been raised in the "proceedings leading to the judgment of conviction. . . ."[18] "The only remedy for a violation of the right to speedy trial is dismissal of the indictment."[19] When Defendant pleaded guilty to the charges in the indictment, he waived the right to argue that his right to speedy trial was denied.[20] As such, Claim Two is barred as procedurally defaulted.[21]

8. Claim Four asserts that he was forced to enter into the plea under duress. This claim is barred under Rule 61(i)(4) ("former adjudication"). Defendant filed a Rule 35(b) motion following his sentence asserting, among other grounds, that he was given an "ultimatum" to either "go to trail [sic] with representation that [he] was uncomfortable with, go to trail [sic] unprepared *pro se*, or take a guilty plea that [he] feel[s] as though was unreasonable for the

---

[18] Rule 61(i)(3).

[19] *Middlebrook v. State*, 802 A.2d 268, 277 (Del. 2002) (citing *Barker v. Wingo*, 407 U.S. 514, 522 (1972)).

[20] *Cf. State v. Garvey*, 2006 WL 1495786, at *2-3 (Del. Super. May 25, 2006) (finding defendant's postconviction claim as to his speedy trial right was procedurally barred under prior version of Rule 61); *State v. Washington*, 2002 WL 826902, at *3 (Del. Super. Apr. 29, 2002) (same). *See also State v. Hicks*, 2015 WL 2084621, at *3 (Del. Super. May 4, 2015) (holding defendant's claim of speedy trial right violation was barred as formerly adjudicated under prior version of Rule 61).

[21] While the Court does not address the merits of this claim, the Court notes that the record reflects that both Defendant and the State were responsible for pretrial delays that lead to several continuances of trial. In fact, Defendant requested another continuance shortly before he pleaded guilty. *See* Order at ¶ 16 n.43 (reviewing pretrial record).

circumstances that was only favorable to the State. . . ."[22] The Court rejected this claim, noting that there was no "duress" where the agreement reached between Defendant and the State was merely a function of the "give-and-take" process of plea-bargaining.[23] Quoting *Bordenkircher v. Hayes*,[24] the Court noted that the "acceptance of the basic legitimacy of plea bargaining necessarily implies rejection of any notion that a guilty plea is involuntary in a constitutional sense simply because it is the end result of the bargaining process."[25] Defendant's contention in his Second Amended Motion rehashes this same basis for relief and, as such, it is barred as formerly adjudicated in his Rule 35(b) motion.[26]

9. Finally, Claim Five, entitled "perjury/persuasion/ineffective [assistance of] counsel," asserts that a police officer at the suppression hearing "made some contradicting statements" and misrepresented other facts about

---

[22] *State v. Stanford*, Crim. I.D. No. 1511011810, D.I. #60 at ¶ 4 (Del. Super. Mar. 27, 2017) [hereinafter March 27, 2016 Order]. Defendant first filed a letter stating grounds for modification of his sentence on December 28, 2016 (D.I. #44). He then filed a Motion for Reduction of Sentence on January 12, 2017 (D.I. #46), effectively supplementing his earlier letter. The Court addressed both items collectively in its decision denying Defendant's motion for reduction of sentence under Rule 35(b) on March 27, 2017 (D.I. #60).

[23] March 27, 2016 Order at ¶ 6 (citation omitted).

[24] 434 U.S. 357 (1978).

[25] March 27, 2016 Order at ¶ 5 (quoting *Bordenkircher*, 434 U.S. at 363 (quoting *Brady v. United States*, 397 U.S. 742, 752 (1970))).

[26] The Court also notes that a plea colloquy occurred on the record in open court according to Rule 11(e). *See* DEL. SUPER. CT. CRIM. R. 11(e) (plea procedure). The record reflects that Defendant entered his plea "knowingly, intelligently, and *voluntarily*."

Defendant.[27]  The Court finds that Defendant's claim that there were false statements in the affidavit of probable cause and false testimony at the suppression hearing is barred under Rule 61(i)(3) as procedurally defaulted.  Defendant waived his right to challenge the accuracy of the police's account of the charges when he entered his guilty plea and forwent trial.  Claim Five also states that his trial counsel did not "challenge or object" to these alleged misrepresentations.  The Court will address this portion of Claim Five below on its merits.

10.  In summation, Claims Two, Three, Four, and Five (except as to his ineffective assistance of counsel claim in Claim Five) are procedurally barred under Rule 61(i).  Defendant must satisfy Rule 61(i)(5) to obtain relief from the procedural bars as applied to these claims.  Rule 61(i)(5) states: "The [procedural bars] shall not apply either to a claim that the court lacked jurisdiction or to a claim that satisfies the pleading requirements of subparagraphs (2)(i) or (2)(ii) of subdivision (d) of this rule."[28]  Rule 61(d)(2) requires Defendant to either: "(i) plead[] with particularity that new evidence exists that creates a *strong inference* that the movant is *actually innocent* in fact of the acts underlying the charges of which he was convicted; or (ii) plead[] with particularity" the applicability of a

---

[27] Second Amended Motion at 4.

[28] Rule 61(i)(5).

new retroactive rule of constitutional law.[29] Rule 61(d)(2)(ii) is inapplicable to the Second Amended Motion. Further, Defendant has not shown any new evidence creating a strong inference of actual innocence in fact of the charges for which he pleaded guilty under Rule 61(d)(2)(i). Therefore, Claims Two, Three, Four, and Five (except as stated above for Claim Five) are procedurally barred and this Court will not consider the merits of these claims.

### Summary Dismissal

11. Rule 61(d)(5) states that, if "it plainly appears from the motion for postconviction relief and the record of prior proceedings in the case that the movant is not entitled to relief, the judge may enter an order for its summary dismissal and cause the movant to be notified."[30] The Court will apply each of Defendant's remaining claims to this provision to determine whether any or all of the claims should be summarily dismissed.

12. Defendant's three remaining claims assert ineffective assistance of counsel. Specifically, he attacks the professional experience of his trial counsel, his trial counsel's failure to challenge or object to alleged misrepresentations at the suppression hearing and in the affidavit of probable cause, and his trial counsel's failure to produce certain photographs that could have been used at the suppression

---

[29] Rule 61(d)(2) (emphasis added).

[30] Rule 61(d)(5).

9

hearing. The Court has previously addressed this latter contention in its earlier Order. The Court incorporates by reference that finding here without further explication.[31]

13. Defendant's remaining ineffective assistance of counsel claims are analyzed under the rubric of *Strickland v. Washington*.[32] As described in this Court's earlier Order, *Strickland* established a two-part test for such claims: the defendant must show that, (1) "counsel's performance was objectively unreasonable," and (2) "the defendant was prejudiced as a result."[33]

14. Defendant argues that trial counsel was inexperienced and this prejudiced his case. Defendant points to no specific reason why this would have prejudiced his entry of a guilty plea; rather, he offers a virtual rebuttable presumption that inexperience equates to ineffective counsel unless counsel can show otherwise. This presumption is inaccurate and contrary to *Strickland* and its progeny. In *United States v. Cronic*,[34] the United States Supreme Court noted: "The character of a particular lawyer's experience may shed light in an evaluation of his actual performance, but it does not justify a presumption of ineffectiveness

---

[31] *See supra*, note 16 (discussing Court's earlier decision as to Claim Three in original Motion).

[32] 466 U.S. 668 (1984).

[33] *Sykes v. State*, 147 A.3d 201, 211 (Del. 2015) (citing *Strickland*, 466 U.S. at 694). The contours of *Strickland* are more fully discussed in this Court's earlier Order and, as such, are not restated here. *See* Order at ¶ 11.

[34] 466 U.S. 648 (1984).

in the absence of such an evaluation."[35] Because Defendant fails to link any alleged inexperience of trial counsel with his actual performance, Claim One is summarily dismissed.

15. Finally, Defendant argues that his trial counsel failed to "challenge or object" to diffuse claims of perjury on the part of the police. Setting aside the first prong of *Strickland*, the Court summarily dismisses this claim on the basis that Defendant has failed to meet his burden of proving "that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different."[36] "The 'failure to state with particularity the nature of the prejudice experienced is fatal to a claim of ineffective assistance of counsel.'"[37] Defendant has failed to show any prejudice for this alleged error on the part of trial counsel; therefore, this claim is also summarily dismissed.

16. For the reasons stated above, Claims One, Five, and Six are summarily dismissed under Rule 61(d)(5).

### Conclusion

For the foregoing reasons, Defendant's claims in his Second Amended

---

[35] *Id.* at 665 (citation omitted). *See also Flynn v. State*, 136 P.3d 909, 916 (Kan. 2006) ("Contrary to Flynn's argument, the United States Supreme Court has held that inexperience, in and of itself, does not establish a presumption that a defendant received ineffective assistance of counsel.").

[36] *Strickland*, 466 U.S. at 694.

[37] *Hoskins v. State*, 102 A.2d 724, 730 (Del. 2014) (quoting *Dawson v. State*, 673 A.2d 1186, 1196 (Del. 1996)).

11

Motion are either procedurally barred under Rule 61(i) or summarily dismissed under Rule 61(d)(5). Therefore, Defendant's Second Amended Motion for Postconviction Relief is **DENIED**.

      **IT IS SO ORDERED**.

_____
Vivian L. Medinilla
Judge

oc:    Prothonotary
cc:    Defendant
       Matthew C. Buckworth, Esquire
       Department of Justice
       Investigative Services Office